LAW OFFICE OF J. MITCHELL JOYNER
810 West 2nd Avenue
Anchorage, AK 99501
Telephone: (907) 274-5646
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| In re: | Case No. 12-00515 |
|---|---|
| James William Leitch, Jr. | CHAPTER 13 PLAN |
| | [ ] Original   x☐ Amended |
| Debtor(s) | Dated: 01/25/13 |

The debtor(s) propose(s) the following Chapter 13 plan:

1. **Payments to Trustee**: The debtor(s) **$2,069.00** commencing on January 26, 2013 (not later than 30 days after the petition is filed) and continuing on the same day of each month thereafter for the applicable commitment period of [ ] three years [ ] five years or for **56** months;

(b) **Permanent Fund Dividends** received each year during the commitment period;

(c) **Tax Refunds**: Debtor(s) **[x]** COMMIT(S) [ ] DO(DOES) NOT COMMIT all tax refunds to funding the plan. Tax refunds will be paid in addition to the plan payments stated above. *If no selection is made, tax refunds are committed.*

(d) **Additional payments** of $0 each ( 0 in number), totaling $0, to be paid as follows:

2. **Trustee's Distributions to Creditors**: From the payments so received, the trustee will make disbursements in the following order (unless otherwise noted in paragraph 2(i)).

(a) **Allowed administrative expenses of the trustee** as provided by 11 U.S.C. § 507(a)(1)(C) in the amount of eight percent (8%), or the percentage set from time to time by the Attorney General of the United States, under 28 U.S.C. § 586(e).

(b) **Allowed unsecured claims for domestic support** as provided by 11 U.S.C. § 507(a)(1).

(c) **Allowed Expenses of Administration** as provided by 11 U.S.C. § 507(a)(2), including: $0 in estimated attorneys fees and costs for the debtor's attorney.

(d) **Cure of Arrearage on Secured Claims That Are Not Modified**: Arrearage on secured creditor's claims that are duly filed and allowed, and are not modified, estimated as follows:

(i) Residential Mortgage:

| Creditor/Collateral | Estimated Arrearage Amt | Number of Payments | Estimated Payment Amt | Interest Rate |
|---|---|---|---|---|
| American Servicing Company/$60,342.00 | | 60 | $1,073.00 | 5% |

15952 Noble Point Drive

(ii) Other Secured Claims:

| Creditor/Collateral | Estimated Arrearage Amt | Number of Payments | Estimated Payment Amt | Interest Rate |
|---|---|---|---|---|
| | | | | |

(e) **Modified Secured Claims**: Distributions to secured creditors whose c

laims are duly filed and allowed, but are modified, estimated as follows:

| Value of Creditor/Collateral | Number of Collateral | Estimated Payments | Interest Payment Amt | Rate |
|---|---|---|---|---|
| | | | | |

[This paragraph 2(e) addresses the repayment terms of all secured claims that are not addressed under paragraph 2(d) above or under paragraphs 2(f) or 3 below. These "modified secured claims" are all those held by creditors whose rights are modified under applicable bankruptcy law. The allowed claims of each creditor listed in paragraph 2(e) will be allowed as a secured claim in the amount of the value of the security and paid in installments as shown until the balance, with interest as stated, has been paid. The remainder of the amount owing will be allowed as a general unsecured claim and paid under the provisions of paragraph 2(h) if a proof of claim is duly filed and allowed.]

(f) **Secured Claims Not Modified.** Distributions to secured creditors whose claims are duly filed and allowed, but are not modified and not paid directly by debtor under paragraph 3, in accordance with the contract terms as follows:

| Creditor/Collateral | Estimated Balance | Number of Payments | Estimated Payment | Interest Rate |
|---|---|---|---|---|
| Toyota Motor Credit/ | $35,832.72 | 45 | $814.34 | 2.9% |
| 2011 Lexus | | | | |

(g) **Allowed Priority Unsecured Claims** in the order and in the amount prescribed by 11 U.S.C. § 507(a)(3) - (a)(9) including the following estimated tax claims:

| Tax Creditor | Type of Tax | Year | Amount |
|---|---|---|---|
| IRS | Personal | 2011 | $7,670.00 |

**Plan is 100% payoff and bar date has passed.**

Debtor(s) will check the following correct answer:

[x] Yes, I/we have filed all required tax returns.  ☐  No, I/we have not filed all required tax returns.

(h) To **Unsecured Non-priority Claims** that are duly filed and allowed, the balance of the debtor's plan payments will be distributed pro-rata.

(i) **Alternate Payment Instructions to Trustee**:

☐ Payments under paragraphs 2(b), (c), and (g) are to be made in equal installments over the commitment period.

☐ Payments under paragraph 2(h) are to be made concurrently with payments made under paragraphs 2(a) – (f).

[ ] Other (specify)

3. **Secured Claims Not Modified**: The following creditors' claims are fully secured, are not modified, will be paid directly by the debtor(s) outside the Plan under the original

contract terms, and will receive no distributions under Paragraph 2 (except distributions set out in paragraph 2(d) above)

**(a) *Residential Mortgage*:**

| Creditor/Collateral | Estimated Balance Owed | Number of Payments | Estimated Payment | Interest Rate |
|---|---|---|---|---|
| American Servicing Company/$624,650.93 | | 60 | 3,704.35 | 5% |
| 15952 Noble Point Drive | | | | |

**(b) *Other*: [*See* AK LBR 3015-1(b)(2)]**

| Creditor/Collateral | Estimated Balance | Number of Payments | Payment | Due Date |
|---|---|---|---|---|

4. **Secured Property Surrendered**: The secured property described below will be surrendered to the following named creditors, and any duly filed and allowed unsecured claim resulting from such surrender will be paid under Paragraph 2(g):

5. **Executory Contracts**: Except as provided above, the following executory contracts and unexpired leases of the debtor(s) are assumed or rejected as noted below. If rejected, the debtor(s) will surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages will be paid under paragraph 2(g):

| Contract/Lease | Assumed /Rejected |
|---|---|

6. **Plan Analysis/Disposable Income Analysis/Liquidation Analysis/Schedule of Direct Payments**: The attached Plan Analysis, Disposable Income Analysis, Liquidation Analysis, and Schedule of Direct Payments to Creditors are accurate to the best of my (our) knowledge. If there are discrepancies between the Plan and the analyses, the provisions of the Plan, as confirmed, control.

7. **Retention of Security Interests and Revesting of Property**: Secured creditors will retain their liens until the claims as determined under applicable non bankruptcy law have been paid in full or a discharge is entered under 11 U.S.C. § 1328 as provided by 11 U.S.C. § 1325(a)(5)(B). Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan all of the property of the estate vests in the debtor(s) free and clear of any claim or interest of any creditor provided for by this plan under 11 U.S.C. § 1327.

8. **Orders Granting Relief From Stay**. If at any time during the life of this plan, an order terminating the automatic stay is entered, no distributions under this plan will be made to the creditor obtaining relief from stay until such time as the creditor files an amended proof of claim. The allowed claim for a deficiency will be treated as a general unsecured claim under paragraph 2(g).

9. **Plan Changes**: The court may after hearing, upon such notice as the court may designate, increase or reduce the amount or the time for payment where it appears that circumstances so warrant.

10. **Certification**. It is certified that the foregoing plan complies with the requirements of the applicable provisions of the Bankruptcy Code (title 11, United States Code), the Federal Rules of Bankruptcy Procedure, and the Alaska Local Bankruptcy Rules.

DATED January 25, 2013.

/s/J. Mitchell Joyner
Attorney for Debtor(s)
SIGNED UNDER PENALTY OF PERJURY.


/s/James William Leitch, Jr.
Debtor (s)

## PLAN ANALYSIS

(Numerical References are to Plan Paragraphs)
Monthly Income and Expenses:

| | |
|---|---:|
| Monthly Income from Schedule I (excluding Alaska PFD) | $18,265.23 |
| Monthly Expenses from Schedule J | $6,600.00 |
| Difference (Schedule I <less> Schedule J) | $11,665.23 |

Debtor(s) Payments to Trustee:

| | |
|---|---:|
| 1(a) $2,069.00 (Mo. Pymt.) x 56 (No. Pymts) = | $115,864.00 |
| 1(b) $1,000.00 (Perm. Fund) x 5 (No. Years) = | $5,000.00 |
| 1(c) $.00 TBD (payments) x 0TBD (No. Years) = | $0 |
| 1(d) $8,788.00 (Add'l Pymts) x 0(No. Pymts) = | $8,788.00 |
| TOTAL PAYMENTS (Life of Plan): | $129,652.00 |

Estimated Distributions by Trustee:

| | |
|---|---:|
| 2(a) Trustee's Commission (8% of the total plan payments) | $10,389.00 |
| 2(b) Domestic Support Obligations | $0 |
| 2(c) Unpaid Attorney's Fees and Costs | $0 |
| 2(c) Other Administrative (if known) | $0 |
| 2(d) Total Arrearage Secured Claims (Not Modified) | |
| (i) Residential Mortgage | $68,324.000 |
| (ii) Other | $0 |
| 2(e) Total Distributions Modified Secured Claims | $0 |
| 2(f) Total Distributions Unmodified Secured Claims | $38,754.00 |
| 2(g) Priority: Taxes | $7,670.00 |
| Other | $0 |
| 2(h) Total Distributions Unsecured Claims | $4,517.00 |
| TOTAL DISTRIBUTIONS: | $129,652.00 |

## DISPOSABLE INCOME DISTRIBUTION ANALYSIS

[Check **ONE** box as applicable and complete computation]

[] Disposable Income determined under §1325(b)(3) [See Official Form 22C, Line 23]

| | |
|---|---:|
| Total Distributions Unsecured Claims (Line 2(h)) divided by 60 | $0 |
| Monthly Disposable Income (from Official Form 22C, Line 59) | $0 |

[ ] Disposable Income **not** determined under §1325(b)(3) [See Official Form 22C, Line 17 or 23]
Total Distributions Unsecured Claims (Line 2(h)) $ divided by **60** (months in commitment period)
[See Official Form 22C, Line 17]

| | |
|---|---:|
| Current Monthly Income (from Official Form 22C, Line 11) | $0 |
| <less> Marital Adjustment (as defined in Official Form 22C, Line 19] | $0 |
| <less> Support Income [as defined in Official Form 22C, Line 54] | $0 |

<less> Qualified Retirement Deduction (as defined) in Official form 22C Line 55)   $0
<less> Monthly Expenses (from Official Form 6, Schedule J, Line 18)   $18,265.23
<less> Payroll Deductions (from Official Form 6, Schedule I, Line 5)   $6,600.00
Monthly Disposable Income   $11,665.23

## LIQUIDATION ANALYSIS

(Insert Amounts from Bankruptcy Schedules for A, B, D, and E, Below)

| | |
|---|---:|
| A. Non Exempt Equity:   in real property | $0 |
| in personal property | $0 |
| B. Value of Property Recoverable Under Avoiding Powers | $0 |
| C. **Total Estate Equity** (sum of A & B above): | $0 |
| D. Total Priority Debt | $7,500.00 |
| E. Total Unsecured Debt | $4,190.00 |
| F. Estimated Chapter 7 Administrative Expenses | $0 |
| G. Estimated Plan Dividend (Unsecured Creditors) | 100% |
| H. Estimated Chapter 7 Dividend (Unsecured Creditors) | 100% |

## SCHEDULE OF DEBTOR'S LEASE PAYMENTS, PAYMENTS TO SECURED CREDITORS

## AND DOMESTIC SUPPORT OBLIGATIONS

| Creditor/Nature of Claim | Estimated Balance | Number of Payments | Payment | Due Date |
|---|---|---|---|---|
| American Servicing Company/ 15952 Noble Point Drive | $624,650.93 | 60 | $3,704.35 | |